Oaruthers, J.,
delivered the opinion of the Court.
Richard Eorrest, on the 20th of February, 1837, executed an instrument under seal, in the following words:
“ Know all men by these presents: that I, Richard Forrest, of Pike county, for and in consideration of my natural love and affection, ****** * # for .-myself, my heirs, executors,, administrators and assigns, give, ***** 86}1 and' deliver, * * * * * *562 * * ,;t unto my daughter, Elizabeth Shelling, and Mathew B. Forrest, my son, to their heirs and assigns forever, after my death, the following described property, viz: To my daughter, Elizabeth Shelling, my negro boy named Aaron, and negro girl named Mariah,' with ail their increase. To my son Mathew B., my negro boy Daniel, and girl Rose; apon this condition, that the said Elizabeth and Mathew B., or their heirs and assigns pay, or cause to be paid to my daughter Mary Ann, at my death, the sum of $250, each; * * * * *' * and then to have and to hold said negroes, * * * * * * to them, their heirs and assigns forever. In testimony hereof, I have this 20th February, 1837, set my hand and seal.”
This was, on the same day, duly acknowledged for registration in Bike comity, Mississippi; and on that day endorsed, as “ received for record,” by the proper officer.
Whether this is to be regarded as a deed, or testamentary paper, is the question upon which the case turns. The Chancellor held it was not testamentary, but took effect as a deed to pass the title at the date, subject to the reserved life estate. We are unable to perceive any difference in principle between this case and that of Caines and wife v. Marley, 2 Yer., 582, and Walls v. Ward, 2 Swan, 653.
It is true, that in both those cases there was an express reservation of a life estate, or possession for life; but in this it is only reserved by implication, and also with» a condition, or rather an incumbrance attached. The conveyance here is formal and complete, but it is to' opefate.o upon the use ¿nd possession only after his •death. ’ Tltfe clause in the case of Walls was, “to take *563 ■effect after the termination of my natural life; I retaining the property of said slaves during my life.” Here the conveyance is to his daughter “ after my death.’1 There can be no difference between them in this respect. In both cases the plain meaning is, that the title is passed, subject to the enjoyment of the donor while he lives. That is rendered just as certain and distinct by the words here employed, as it was by the express reservation in the case of Walls, or that of Marley. If this be so, the sarpe construction must be given as to the question of will or deed, so far as that point is concerned.
The condition in this case annexed to the gift, that the donee should pay at the death of the donor, $250 to another daughter, cannot affect the question. The failure to do that would not make the conveyance void,, but would be an incumbrance or lien upon the property. We > cannot see how this fact can have any effect upon, the question in hand. Whether a deed or testament, its. force and effect would be the same as to that incum-brance.
It is true, that a will is a disposition of property, to take effect after the death, as argued; but that definition of a will does not exclude the conclusion that a deed may be the same in effect in that particular. The former is necessarily so, but not the latter. This assumed criterion, then, cannot aid us much in reaching a conclusion. It is true, that a deed must take effect in prcesenti, but this may be so without th epresent igjjqyment or possession passing either in fact or^pf^rightt If a vested right to the present or /Rtitrefen^yment passes, that will do to make the paper a (Med. fe^But^jb *564 must be a right to some specific thing then owned by the donor, and to a designated person. Not as in the case of Watkins v. Dean, 10 Yer., 327, where the instrument conveyed one-half of the estate he might own at his death; nor like the case of Taylor v. Taylor, 2 Hum., 597, where the paper, though in the form of a deed, had never been delivered, so as to give it vitality as such, although it specified the property.
The paper in this case, as in that of Walls, was acknowledged by the donor and placed on the records. It ■lacked nothing in form, substance, or legal ceremonies •to give it complete effect as a title to the remainder in •this slave, in freesenti ; and therefore it is a deed, and not a will, which might be revoked, and if not, would .require probate to give it effect as a title. There was then nothing remaining in him but the life estate reserved, and that, alone, passed to his son Armistead, the -testator of defendant, by the absolute bill of sale made to him by Richard, after the execution of the former .deed.
The result is, that the paper was not testamentary, Aut a valid deed, and sustains the title of complainant to the slave, with the right to possession at the death ,of the donor.
The decree of the Chancellor is, therefore, right, and imust be affirmed.